# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON COFFEY,<br><br>    Petitioner,<br><br>    v.<br><br>R. DIAZ,<br><br>    Respondent. | Case No. 1:13-cv-00362-SAB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 1) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 13, 2013. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b). Petitioner contends that the Board of Parole Hearing held on May 3, 2011, denying Petitioner's release on parole violated his constitutional rights.

## I.

## DISCUSSION

**A.  Preliminary Review of Petition**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

1

district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). The Court will review the instant petition pursuant to its authority under Rule 4.

### B. Failure to State a Cognizable Ground for Relief

In the context of a state parole hearing, a federal court's habeas corpus review is extremely limited. The United States Supreme Court in Swarthout v. Cook, __ U.S. __, 131 S.Ct. 859, 863 (2011) (per curiam) held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts," and not with the federal court. Since there is no right under the United States Constitution to be released before the expiration of a valid sentence, the federal court's review role is to focus solely on whether a prisoner denied parole received due process-defined as whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., at 862 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). "The Constitution does not require more [process]." Id.

A review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See Pet., Tr. of May 3, 2011, hearing.) Accordingly, under Swarthout, the federal court's inquiry ends and the petitioner's present petition fails to state a claim upon which relief can be granted, and hence, the instant petition for writ of habeas corpus must be dismissed.

Additionally, because there is no tenable claim for relief that can be pled by further amendment to the petition, the granting of leave to amend would be futile and result in the same

finding.  Therefore, the instant petition for writ of habeas corpus must be dismissed.  <u>Jarvis v. Nelson</u>, 440 F.3d at 14.

### C.      **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied.  The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court 6that, through full briefing and argument, the potential merit of claims may appear.  <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as follows:

>   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>   (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
>   >   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>   >
>   >   (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

3

This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has failed to show an entitlement to federal habeas corpus relief. Accordingly, the Court declines to issue a certificate of appealability.

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED with prejudice;

2. The Clerk of Court is DIRECTED to terminate this action; and

3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 3, 2013**

UNITED STATES MAGISTRATE JUDGE